## 2639. CABLE COMPANY *v.* HUNT.

There was no error in awarding a nonsuit. The purchaser of the organs was not bound by the secret instructions given by the principal to his agent, and which were not disclosed to him. The fact that the agent did not sell the goods for their full value did not authorize a rescission of the contract of sale; because, so far as appears from the record, the contract of sale was not dependent upon confirmation by the owner of the goods. The evidence totally failed to show any collusion or conspiracy between the purchaser of the organs and the seller's agent to defraud the seller. Therefore, as to the purchaser, the plaintiff failed to prove his case as laid.

DECIDED JANUARY 24, 1911.

Action for damages; from city court of Atlanta—Judge Reid. March 14, 1910.

*Joseph W. & John D. Humphries,* for plaintiff.

*W. B. Sloan,* for defendant.

RUSSELL, J.  The action was brought against two defendants as joint tort-feasors.  The declaration alleged that one Perkins, an agent for the plaintiff company, and one J. H. Hunt, by collusion and fraud in a pretended sale, had wrongfully converted to their own use certain organs alleged to be of the value of $360.  The trial judge ordered a nonsuit as to Hunt, and directed a verdict in favor of the plaintiff against Perkins.  Hunt was alleged to be a resident of Hall county, and it is therefore evident that as to him the jurisdiction of the city court of Atlanta would necessarily depend upon its being shown that he colluded and co-operated with Perkins in some act by which the Cable Company was defrauded, and that the act done by him was done with intent to defraud the Cable Company.  The evidence showed that Perkins was sent by the Cable Company, as their agent, to sell certain organs that had been for some time in stock at Gainesville, Ga.  The instructions of the Cable Company to Perkins fixed the minimum price at which these organs should be sold,—$75 for one style and $85 for another, making the value of six organs amount to several hundred dollars, and Perkins bargained to let Hunt have six of these organs for $70 for the entire lot.  There was no evidence that Hunt had any knowledge of the instructions limiting Perkins' right to sell or prescribing the price at which the organs should be sold, or that he was familiar with the value of organs; and the letters in evidence show that Hunt, who is a banker, bought the organs only because he thought they were a bargain and remarkably cheap.  These letters also show that Perkins considered the organs so badly damaged as to be practically worthless.

As there was no evidence that Hunt even knew who was the owner of the organs, and no circumstance, unless it was the disparity of the price, to show that he was not operating at arm's length with Perkins, and nothing to indicate that he was co-operating with him at any stage of the negotiations, the nonsuit as to Hunt was properly awarded.  So far as the plaintiff's case disclosed, Hunt was trading upon his own judgment and driving the best bargain that he could with Perkins, who, so far as Hunt was

aware, was representing the owner of the organs in good faith and obtaining all that he could from Hunt for the organs in question. If the two defendants were joint tort-feasors, both would be liable, but before there could be a recovery against Hunt, the plaintiff was obliged to show, even if Perkins was defrauding his employer, that Hunt was conscious of that fact, and intentionally participated in Perkins' design. In fact, the city court of Atlanta would be without jurisdiction of Hunt except upon proof that he co-operated in Perkins' fraudulent intent.          · *Judgment affirmed.*